17609.  ABRAHAM *v.* FIRST BANK OF COOK COUNTY *et al.*

STEPHENS, J.  An agreement between the holder of a past-due note and a stranger to the note, that in consideration of the stranger's deposit of certain property as collateral security for its payment, the holder will refrain from bringing suit upon it for an indefinite time, is lacking in consideration, in that the promise to extend the time of payment is so indefinite as to be incapable of enforcement, and therefore constitutes no consideration for the act of the stranger in depositing the collateral. 1 Joyce on Defenses to Commercial Paper, 411.

2. In such a case, where the stranger brought a suit in trover against the holder of the note, to recover for an alleged conversion of the plaintiff's property deposited as security for the payment of the note,

Contracts, 13 C. J. p. 344, n. 49.
Pledges, 31 Cyc. p. 796, n. 19; p. 843, n. 17.
Specific Performance, 36 Cyc. p. 588, n. 76.

where the evidence, most strongly construed in behalf of the defendant, was to the effect that the property was deposited with him under an indefinite agreement to extend the time of payment of the note, as indicated above, a verdict for the plaintiff, in an amount representing only the amount for which the defendant sold the collateral, less the amount represented by the note, was contrary to law and without evidence to support it; and the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided September 24, 1927.

Complaint in trover; from Cook superior court—W. D. Buie, judge pro hac vice. June 21, 1926.

*William B. Kent, George E. Simpson,* for plaintiff.

*C. E. Jackson,* for defendants.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

